IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01361-GPG

SEGRIC DENARD WYCHE, SR.,

    Plaintiff,

v.

MR. WINSTON,
MR. P. WALTON,
MS. S. BROWN,
MR. PRICE,
MR. R. THOMAS,
MS. HERLICKSON,

    Defendants.

## ORDER TO AMEND

Plaintiff Segric Denard Wyche, Sr., is a prisoner in the custody of the Federal Bureau of Prisons, currently incarcerated at FCI Florence in Florence, Colorado. On June 24, 2015, Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 (ECF No. 2). On July 7, 2015, the Court ordered Plaintiff to cure certain designated deficiencies in his submitted documents. (ECF No. 4). In response, on August 14, 2015, Plaintiff filed a letter attempting to outline his claims and also his financial information from the Federal Bureau of Prisons. However, the Court determined that the submitted document was also deficient. On August 21, 2015, the Court provided Plaintiff one last opportunity to cure the designated deficiencies if he wished to pursue his claims. (ECF No. 6).

On September 2, 2015, Plaintiff filed an Amended Complaint (ECF No. 7) and a

Motion and Affidavit for Leave to Proceed under 28 U.S.C. § 1915 (ECF No. 8). Plaintiff was granted leave to proceed *in forma pauperis*. (ECF No. 9).

The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file a Second Amended Complaint.

Plaintiff's Amended Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

Mr. Wyche fails to provide a short and plain statement of his claims showing he is entitled to relief because he fails to allege clearly and concisely when his rights were violated, what specific rights were violated, and how each Defendant personally

participated in the asserted violations of his rights.  Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.

The Amended Complaint is confusing and does not clearly set out any viable claims for relief and supporting factual allegations.  For example, Mr. Wyche states that his first claim is: "Creating a False Incident Report/ Cruel and Unusual Punishment."  However, the supporting factual allegations never mention a false incident report.  Instead, the asserted supporting facts, which are difficult to understand, appear to allege that Defendant Walton somehow embarrassed Mr. Wyche in front of a group in retaliation for Mr. Wyche reporting sexual misconduct between an inmate and another officer.

The other two claims are similarly difficult to understand.  The second claim, which Mr. Wyche asserts is based on "Title 18 § 371," asserts allegations that because Plaintiff reported "this Act" (assuming that the Act is the sexual misconduct discussed in Claim One) to the O.I.G., it exposed that Defendant Brown and Defendant Walton are

not doing their jobs because they are "sweeping under the rug this zero-tolerance situation." These allegations fail to allege any action that violated Plaintiff's rights. Further, a prisoner complaint cannot assert a claim based on 18 U.S.C. § 371, which is a criminal statute of conspiracy.

The third claim, which Mr. Wyche asserts is based on "Title 18 § 371 - Violation of 5th and 8th Amendment Rights" includes factual allegations that Defendant Winston, Defendant Walton, Defendant Brown, Defendant Thomas, Defendant Price and Defendant Herlickson, have violated Plaintiff's rights ever since the date of his inquiry to the O.I.G., by impeding his ability to take part in the RDAP treatment and rehabilitation program. He alleges these Defendants altered and made false entry into records and documents. As stated above, a prisoner complaint cannot assert a claim based on a criminal statute, such as 18 U.S.C. § 371. Further, this claim fails to adequately allege exactly what each Defendant personally did and what specific right they violated.

For these reasons, Mr. Wyche will be directed to file an amended complaint. Mr. Wyche must identify the specific constitutional claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are]

essential").

Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file a Second Amended Complaint that complies with this Order. It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint that complies with this Order, within the time allowed, the Court will proceed to dismiss the Amended Complaint without further notice.

DATED September 25, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge